```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

KBWB CONSTRUCTION COMPANY,      1:18-cv-08224-NLH-KMW
LLC,
                                **OPINION**
         Plaintiff,

    v.

ALLIED ENVIRONMENTAL
SERVICES, INC.,
doing business as
ALLIED WELL DRILLING, CARROLL
JOHN HESS, and RONALD A COOK,

         Defendants.

**APPEARANCES:**

STEVEN ALAN BERKOWITZ
BERKOWITZ & ASSOCIATES, PC
10000 LINCOLN DRIVE EAST
SUITE 202
MARLTON, NJ 08053

    *On behalf of Plaintiff*

WALTER STEPHEN ZIMOLONG
ZIMOLONG LLC
PO BOX 552
SUITE 1210
VILLANOVA, PA 19085

    *On behalf of Defendants*

**HILLMAN**, **District Judge**

This action concerns alleged problems with a well drilling project in Livingston, New Jersey. Pending before the Court is the motion of Defendants to dismiss Plaintiff's fraud claims. Also pending is Plaintiff's motion for leave to file a Third

Amended Complaint.  For the reasons expressed below, Plaintiff's motion will be granted, and Defendants' motion will be denied.[1]

---

[1] Plaintiff's case was originally filed in the Newark vicinage on April 23, 2018 and brought under 28 U.S.C. § 1332(a).  On April 25, 2018, Plaintiff filed an amended complaint.  (Docket No. 6.)  On July 3, 3018, Defendants filed a motion to dismiss Plaintiff's fraud count.  (Docket No. 13.)  The action was transferred to the Camden vicinage on July 11, 2018.  (Docket No. 14, 15.)  On July 16, 2018, this Court issued an Order to Show Cause because the citizenship of the parties was not properly averred.  (Docket No. 16.)  In response to the Court's Order, Plaintiff filed a second amended complaint on July 18, 2018.  (Docket No. 17.)  On August 6, 2018, Plaintiff filed a motion for leave to file a third amended complaint.  (Docket No. 23.)  Defendants' motion to dismiss is technically moot because the filing of the second amended complaint mooted Defendants' motion to dismiss the first amended complaint.  Faust v. Northfield Bd. of Educ., 2012 WL 3821886, at *3 (D.N.J. 2012) (citing Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (stating "[a]n amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit.")).  Because, however, Plaintiff has moved to file a third amended complaint, and the standard for assessing whether to permit an amended pleading is similar to the one applied to a motion to dismiss, the Court will consider the arguments raised by Defendants in their motion, as well as their response to Plaintiff's motion to amend.  See Estate of Bard v. City of Vineland, 2019 WL 102405, at *4 (D.N.J. Jan. 4, 2019) ("Assessing a proposed amended complaint for futility is the same as applying the Rule 12(b)(6) standard.") (citing Brookman v. Township of Hillside, 2018 WL 4350278, at *2 (D.N.J. Sept. 12, 2018) (citing In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)).

Another issue presented by this procedural history is that none of the versions of Plaintiff's complaint properly avers the citizenship of Defendant Allied Environmental Services, Inc.  Plaintiff alleges that Allied Environmental Services, Inc. is "organized under the laws of Maryland with a principal place of business located at . . . Laurel, MD . . . ."  (Docket No. 17, 23.)  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" - not where it has "a"

2

**BACKGROUND and ANALYSIS**

According to Plaintiff KBWB Construction Company, LLC's proposed Third Amended Complaint,[2] on October 12, 2016, Plaintiff entered into two subcontracts with Defendant Allied Environmental Services, Inc. d/b/a Allied Well Drilling ("Allied Well") to perform specifically described geothermal well drilling and headers work at a site in Livingston, New Jersey. Prior to entering into the subcontracts, Plaintiff met with Allied Well to ensure that Allied Well would comply with New Jersey State law when it performed the drilling work. See N.J.S.A. 58:4A-1 et seq., the Subsurface and Percolating Waters Act, and N.J.A.C. 7:9D-1, et seq., the implementing regulations.

Plaintiff claims that Allied Well and its two certified

---

principal place of business. While Allied Environmental Services, Inc. has not questioned the Court's diversity jurisdiction, the parties are nonetheless directed to complete a Joint Certification of the Citizenship of the Parties in Diversity Cases, available at https://www.njd.uscourts.gov/sites/njd/files/HillmanStandOrdDivCitiz.pdf, to properly set forth Allied Environmental Services, Inc.'s citizenship, and confirm this Court's subject matter jurisdiction. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (explaining that federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation).

[2] Because Defendants have only moved to dismiss Plaintiff's fraud claims, the Court recounts Plaintiff's allegations from the proposed Third Amended Complaint which are, in any event, factually similar in all four versions of Plaintiff's complaint.

3

well drillers, Defendants John Hess and Ronald Cook, did not use a tremie pipe to completely fill the annular space from the bottom to the top as the subcontracts and the regulations required.  Plaintiff claims that Defendants instead grouted the 500-foot wells from the top down (putting grout in at the top of the well), which would not insure that the wells were fully sealed.

Plaintiff enlisted the services of Sound Geothermal Corporation ("SGC") to inspect and report on the propriety of Defendants' work.  On March 10, 2017, Plaintiff sent SCG's report to Allied Well and demanded corrective action.  Plaintiff claims that it did not receive a satisfactory response to its demand.  On March 14, 2017, Plaintiff terminated the two subcontracts.

In response, Plaintiff claims that Allied Well affirmatively represented that it would work with SGC to remediate the work to comply with the contracts and the state regulations.  Plaintiff also claims that Allied Well stated that it would obtain a letter of approval from the New Jersey Department of Environmental Protection ("NJDEP").

Plaintiff claims that Allied Well precluded Plaintiff and its experts from participating in an investigation conducted once the NJDEP was alerted by Plaintiff of the improper well drilling techniques.  Ultimately, Plaintiff claims that Allied

Well's efforts to correct the improper grouting techniques were unsuccessful.

As a result, Plaintiff instituted this action against Defendants, asserting claims for breach of contract against Allied Well, and fraud against Allied Well, Cook and Hess. Defendants moved to dismiss Plaintiff's fraud claim in its amended complaint, arguing that Plaintiff's allegations of fraud did not meet the heightened pleading requirements to assert a viable fraud claim. Defendants also argue that the gist of Plaintiff's case is for breach of contract, and Plaintiff cannot transform Defendants' alleged breach of contract into a fraud case.

While Defendants' motion was pending, Plaintiff filed a second amended complaint pursuant to the Court's order regarding insufficient pleading as to subject matter jurisdiction. See, *supra*, note 1. Shortly thereafter, Plaintiff filed its instant motion for leave to file a Third Amended Complaint. Plaintiff's proposed Third Amended Complaint reasserts its claim against Allied Well for breach of contract (Count I), but it has re-cast its original fraud claim against all three Defendants into a fraud in the inducement claim against Allied Well only (Count II). Plaintiff has added a claim against Cook and Hess for negligence (Count III).

It is well settled that a pleading is sufficient if it

contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

For claims of fraud, Fed. R. Civ. P. 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This heightened pleading standard applies to fraud in the inducement claims. Cotapaxi Custom Design and Manufacturing, LLC v. Chase Bank USA, N.A., 2017 WL 5598215, at *3 (D.N.J. 2017) (citing Ceruzzi Holdings, LLC v. Inland Real Estate Acquisitions, Inc., 2010 WL 1752184, at *4 (D.N.J. 2010) (applying Rule 9(b) to fraud in the inducement claim)). "To satisfy this standard, the

6

plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Assessing a proposed amended complaint for futility is the same as applying the Rule 12(b)(6) standard. Brookman v. Township of Hillside, 2018 WL 4350278, at *2 (D.N.J. 2018) (citing In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'")).

The filing of Plaintiff's proposed Third Amended Complaint as a whole does not present any issues of undue delay, bad

7

faith, dilatory motive, or unfair prejudice.  Without any substantive challenge by Defendants to Plaintiff's breach of contract and negligence claims as pleaded in Plaintiff's proposed Third Amended Complaint, the Court will focus on whether Plaintiff's fraud claim may proceed under the futility analysis.

Plaintiff argues that even though its original fraud count against Allied Well and the individual defendants may not have been sufficiently pleaded, it contends that its fraud in the inducement count is permitted under the law and meets the proper pleading standards of Rule 9(b).  The Court agrees.

As a primary matter, Plaintiff's claim for fraud in the inducement may proceed with a claim for breach of contract. "Under New Jersey law, the economic loss doctrine[3] defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in

---

[3] Defendants refer to the Pennsylvania state law "gist of the action" doctrine, which is a "close relative" to the economic loss doctrine.  <u>The Knit With v. Knitting Fever, Inc.</u>, 2009 WL 3427054, at *5 (E.D. Pa. 2009) (explaining that the gist of the action doctrine "forecloses a party's pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort").  Because New Jersey law governs Plaintiff's breach of contract claim (Docket No. 23-2 at 12), and there is no argument that New Jersey law does not apply to Plaintiff's fraud in the inducement claim, the Court refers to New Jersey's economic loss doctrine rather than Defendants' gist of the action argument.  Any difference between the two legal doctrines is not material to the issue now before the Court.

tort, particularly in strict liability and negligence cases." Peters v. Countrywide Home Loans, Inc., 2016 WL 2869059, at *4 (D.N.J. 2016) (citing Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 244 (3d Cir. 2010)). The rationale underlying the economic loss doctrine is that "[t]ort principles . . . are better suited for resolving claims involving unanticipated injuries, and contract principles are generally more appropriate for determining claims for consequential damages that parties have or could have address[ed] in their agreement." Id. (citations omitted). The economic loss doctrine does not bar claims for fraud in the inducement of a contract, however, because fraud in the inducement is fraud that induces the other party to enter into the contract in the first place. Id. (citing Bracco Diagnostics Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 563-64 (D.N.J. 2002)); see also Grasso Foods, Inc. v. Wynn Environmental Sales Co., 2018 WL 3455479, at *3 (D.N.J. 2018) (finding persuasive the plaintiff's argument that a fraud in the inducement claim is not barred by the economic loss doctrine because the claim is based on pre-contractual misrepresentations that are extrinsic to the parties' agreement and therefore the economic loss doctrine does not apply) (citing Wilhelm Reuss GmbH & Co KG, Lebensmittel Werk v. E. Coast Warehouse & Distribution Corp., 2018 WL 3122332, at *5 (D.N.J. 2018) ("A well-settled exception to the economic loss doctrine

is fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations.")) (other citations omitted)).

Because Plaintiff's fraud in the inducement count against Allied Well is not barred as a matter of law, the Court must determine whether Plaintiff has sufficiently pleaded that claim under the heightened pleading standard of Rule 9(b). The Court finds that Plaintiff has done so.

In order to establish a claim for fraudulent inducement, five elements must be shown: (1) a material representation of a presently existing or past fact; (2) made with knowledge of its falsity; and (3) with the intention that the other party rely thereon; (4) resulting in reliance by that party; (5) to his detriment. RNC Systems, Inc. v. Modern Technology Group, Inc., 861 F. Supp. 2d 436, 451 (D.N.J. 2012) (citing Metex Mfg. Corp. v. Manson, 2008 WL 877870, at *4 (D.N.J. 2008) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624, 432 A.2d 521 (1981)).

For those five elements, Plaintiff alleges:

(1) Material misrepresentation: In September 2016, "Dave Gebhardt from Allied Well assured James Gibson from KBWB that Allied Well was able to lawfully and competently drill in New Jersey, as evidenced by it having already successfully drilled at least one other New Jersey project named the

Genesis/Piscataway project." (Proposed Third Amended Complaint, ¶¶ 37, 38, Docket No. 23-1.)

(2) Made with knowledge of its falsity: "The representation was also knowingly false, given that Allied Well violated those laws and regulations by, *inter alia*, failing to use a tremie pipe to completely fill the annular space from the bottom to the top, and failing to use 'potable' water in the drilling and grouting process." (Id. ¶ 41.)

(3) Intention that the other party rely on the material misrepresentation: "KBWB reasonably interpreted this representation to mean Allied Well could perform the Two Livingston Subcontracts in compliance with New Jersey statutes and regulations governing well drilling." (Id. ¶ 39.)

(4) Resulting in reliance by that party: "KBWB did rely on the misrepresentation to, among other things, enter into the Two Livingston Subcontracts and other ancillary commitments with Allied Well." (Id. ¶ 43.)

(5) Reliance resulting in its detriment: "KBWB was damaged by Allied Well's willful and fraudulent misrepresentation. KBWB's damages include the costs of SGC's professional services needed to identify and rectify Allied Well's faulty and non-compliant work, which exceed $120,000 as well as KBWB's liability to the Owner under the Two Livingston Contracts and its performance bonds." (Id. ¶¶ 44-45.)

Although discovery may reveal that Allied Well did not materially misrepresent its ability to perform the drilling project as required under New Jersey law prior to entering into the subcontracts, and instead the alleged defects were a result of other, post-contract breaches, Plaintiff's allegations against Allied Well for fraudulent inducement are sufficiently pleaded to satisfy the futility prong of a motion for leave to file an amended complaint and to survive a motion to dismiss.[4] See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("Leave to amend shall be freely given when justice so requires," and it is "an abuse of discretion to deny leave to amend," but "[l]eave to amend may be denied, however, if amendment would be futile. An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." (citations omitted)).

Accordingly, the Court will grant Plaintiff's motion for leave to file a Third Amended Complaint, and deny Defendants' motion to dismiss. An appropriate Order will be entered.

Date: February 13, 2019     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

[4] Defendants' brief in response to Plaintiff's proposed Third Amended Complaint does not directly address the substance of Plaintiff's fraudulent inducement claim against Allied Well in contrast to Plaintiff's originally pleaded fraud claims against all three Defendants. (Docket No. 24.)